**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacey Anderson, ) | No. CV-09-0727-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| GEICO Indemnity Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it defendant's motion for summary judgment (doc. 26), plaintiff's response (doc. 28), and defendant's reply (doc. 30).

**I**

Plaintiff Stacey Anderson and non-party Tanner Fretz were both named insureds under a GEICO automobile insurance policy, which provided bodily injury liability limits of $25,000, and underinsured motorist coverage of $25,000 ("Policy"). Fretz's 1999 Toyota Land Cruiser was one of the "insured autos" described in the Policy declarations and covered by the bodily injury liability provision.

On June 14, 2006, as Fretz sat in his Toyota Land Cruiser, plaintiff leaned into the open passenger-side door, and placed one foot on the running board of the vehicle. Fretz suddenly placed the car in reverse and stepped on the accelerator, causing injuries to plaintiff. Plaintiff incurred medical bills of just over $22,000 as a result of her injuries. PSOF ¶¶ 17-

1  18. On January 16, 2008, plaintiff settled her third-party liability claim against Fretz for the
2  $25,000 bodily injury liability limit in the Policy. Under the terms of the settlement release,
3  plaintiff retained her right to submit an underinsured motorist ("UIM") claim against GEICO.
4  GEICO subsequently denied plaintiff's claim for UIM coverage. DSOF, ex. 3.

Plaintiff asserts that she is not seeking payments under both the bodily injury and UIM coverage provisions of the Policy. Response at 2. She insists that she is not attempting to stack coverage. Instead, she claims that she only wanted the option to "choose" the coverage that she received, and that she preferred UIM benefits, as opposed to the bodily injury coverage, notwithstanding that the coverage amounts are identical. Id. Plaintiff does not explain (and we cannot discern) the significance of one form of coverage over the other, particularly given plaintiff's concession that she "could not receive more than the limit of $25,000." Response at 5.

Because GEICO paid the $25,000 settlement from the bodily injury liability coverage and denied plaintiff's UIM claim, plaintiff filed this action asserting claims for breach of contract, breach of the duty of good faith and fair dealing, negligence, intentional infliction of emotional distress, consumer fraud, and common law fraud. Defendant moves for summary judgment on each of these claims.

**II**

UIM coverage protects an insured when a tortfeasor's liability limits are insufficient to pay for all damages incurred. Taylor v. Travelers Indem. Co. of America, 198 Ariz. 310, 318, 9 P.3d 1049, 1057 (2000). Arizona's Underinsured Motorist Act requires insurers to offer coverage for underinsured motorists. A.R.S. § 20-259.01(B). The Act defines UIM coverage as "coverage for a person if the sum of the limits of liability under all bodily injury or death liability bonds and liability insurance policies applicable at the time of the accident is less than the total damages for bodily injury or death resulting from the accident." Id. § 20-259.01(G)

GEICO contends that plaintiff is not eligible for UIM benefits under the express terms of the Policy. The Policy provides in relevant part, "We will pay damages which the *insured*

- 2 -

1 is legally entitled to recover from the owner or operator of an ***underinsured motor vehicle*** 2 because of ***bodily injury***." DSOF, ex. 2 at 25 ("Policy") (emphasis in original). The term 3 "***Underinsured Motor Vehicle***" does not include "an ***insured auto***." Policy at 24. An 4 "'***Insured Auto***' is an auto: (a) described in the declarations and covered by the bodily injury 5 liability coverage of this policy." Id.

6 It is undisputed that the 1999 Toyota Land Cruiser was "an auto described in the 7 declarations and covered by the bodily injury liability coverage" of the Policy. Therefore, 8 it was an "Insured Auto" as defined by the Policy. Because the Land Cruiser was an 9 "Insured Auto," it was not an "Underinsured Motor Vehicle." According to GEICO, because 10 plaintiff was not injured by an "Underinsured Motor Vehicle," she is not entitled to UIM 11 coverage.     There is some question about whether an "insured auto" exclusion from UIM 12 coverage is permissible under the Underinsured Motorist Act. The GEICO Policy's "insured 13 auto" exclusion essentially precludes UIM coverage whenever an insured is injured in her 14 own vehicle that is negligently driven by another person insured under the same policy. In 15 Taylor, the court noted that the "statute contains no exception for injuries occurring when 16 Plaintiff is a passenger in her own car." 198 Ariz. at 315, 9 P.3d at 1054. Instead, when 17 bodily injuries exceed an insured's own liability coverage, "the insured should ordinarily 18 recover the difference up to the UIM benefit purchased." Id. at 314, 9 P.3d at 1053; but see 19 Duran v. Hartford Ins. Co., 160 Ariz. 223, 224, 772 P.2d 577, 578 (1989) (holding that when 20 an insured's policy provides both the applicable liability and UIM coverage, "the 21 underinsured coverage *may* not be 'stacked' so as to in effect increase the liability coverage 22 purchased by the named insured"). Because plaintiff fails to qualify for UIM coverage, we 23 need not attempt to reconcile Taylor with Duran, or decide whether GEICO's "insured auto" 24 exclusion is permissible under the Act. See Taylor, 198 Ariz. at 321, 9 P.3d at 1060 25 (Martone, J., dissenting).

26 Under the statute, UIM coverage is only available "[t]o the extent that the total 27 damages exceed the total applicable liability limits." A.R.S. § 20-259.01(G). In other words, 28 an injured insured must first exhaust all available liability limits before UIM coverage is

- 3 -

1  triggered. Therefore, by definition, UIM coverage is not interchangeable with bodily injury
2  liability coverage. Plaintiff cannot choose her preferred form of coverage. GEICO properly
3  characterized the insurance proceeds as liability coverage and denied plaintiff's UIM claim.
4      Plaintiff attempts to salvage her UIM claim by arguing that she was a pedestrian and
5  not a passenger in Fretz's car. But this is a distinction without a difference. The Policy
6  provides that an "Insured" who suffers "bodily injury" can recover from the owner of an
7  "underinsured motor vehicle." Plaintiff points to nothing in the Policy that defines "Insured"
8  based on a person's status as a passenger or pedestrian.
9      Our conclusion that GEICO properly denied plaintiff's UIM claim is dispositive of
10 all of plaintiff's claims in this action. Because plaintiff was not eligible for UIM benefits
11 under the Policy, there was no breach of contract or breach of the covenant of good faith and
12 fair dealing. Plaintiff has failed to state a cognizable claim for negligence arising out of
13 GEICO's claims handling process. Not only is there no evidence of a false promise or
14 misrepresentation to support a consumer fraud or common law fraud claim, but plaintiff
15 testified that she did not purchase the GEICO policy or engage in any communications with
16 GEICO regarding coverage issues. She was simply added as an "operator" on the policy by
17 Fretz. Without any communication with GEICO, plaintiff's fraud claims also fail. Finally,
18 because GEICO properly denied UIM coverage, there is no evidence that its conduct was
19 "extreme, "outrageous," or "beyond all possible bounds of decency." Plaintiff's claim for
20 intentional infliction of emotional distress is without merit.
21     The handwritten alteration to plaintiff's settlement release with Fretz and GEICO,
22 excluding from the release plaintiff's prospective UIM claim, does not alter our assessment.
23 The release language did not address the validity of plaintiff's UIM claim and cannot
24 reasonably be construed as an agreement by GEICO to pay UIM coverage. Instead, the
25 release allowed plaintiff the opportunity to pursue a UIM claim. She subsequently submitted
26 the claim; it was evaluated by GEICO and denied. Plaintiff's claim of equitable estoppel on
27 this basis is without merit.
28

- 4 -

**III**

Based on the foregoing, **IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 26). The clerk shall enter final judgment in favor of defendant.

DATED this 7th day of October, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge